UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

RED MATTER HOLDINGS INC., and GREY MATTER HOLDINGS LLC,

Plaintiffs,

v.

MAESA LLC,

Defendant.

-------------------------------------x

26-cv-4629 (PKC)

STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, absent agreement by the designating party, except:

a. The disclosing party;
b. The requesting party and counsel, including in-house counsel;
c. Employees of such counsel assigned to and necessary to assist in the litigation;
d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Counsel for any party may designate any document or information, in whole or in part, as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is: (a) proprietary and confidential marketing and business plans, analyses, and strategies that the other parties could utilize to their competitive advantage if they were provided access to them; (b) proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets or information such as lists of customers not publicly known; technical information; pricing, cost, and profitability information; and product research and development plans either not publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage. Information and documents designated by a party as confidential will be stamped "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." For the avoidance of doubt, documents—including documents containing information concerning sales, revenues, costs, deductions, and profits of any party or its affiliates, including accused-SKU forecasts—shall not be categorically marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and may be marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only if counsel determines in good faith that the specific documents at issue qualify for such designation under this paragraph.

6. Documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall not be disclosed to any person, absent agreement by the designating party, except:

a. The disclosing party;
b. Legal counsel of record for the requesting party,;
c. Employees of such counsel assigned to and necessary to assist in the litigation;
d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

7. In the case of depositions, counsel for the designating party shall within fifteen (15) business days of receipt of the final transcript designate, in writing to all counsel of record, that portions thereof contains Confidential information or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information. From the date of the deposition until the end of this 5 day period, all deposition transcripts and the information contained therein shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Counsel for the designating party shall have the right to exclude any person who is not authorized by this Order from attending any deposition and from receiving the designated protected information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving, or relating to such designated protected information.

8. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person other a person entitled to receive such information under this stipulation and Order; and
   c. Require each such person, other than an employee of the firm of a counsel of record, to sign an agreement to be bound by this Order in the form attached hereto.

9. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. Upon receiving such designation, any receiving party that disclosed the "Confidential" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information prior to its designation shall exercise its reasonable efforts to ensure the return or destruction of such material in the possession of any persons not authorized to receive such material under this Order.

10. Neither party shall have any obligation to produces any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft). Any such information may be redacted prior to production. If a party has a good faith basis to believe that redacted PII is relevant to the claims or defenses in this action, the requesting party may serve a written request on the producing party identifying

Case 1:26-cv-04629-PKC Document 23 Filed 10/16/26 Page 4 of 7

with reasonable particularity the specific PII sought and the basis for the request, including why the redacted information is insufficient. Within ten (10) business days of receiving such a request, the producing party shall either (a) produce the unredacted PII, subject to the terms of this Order, including any confidentiality designation the producing party deems appropriate, or (b) state its grounds for declining to do so. If the parties are unable to resolve the dispute after meeting and conferring in good faith, the requesting party may move the Court to compel production of the unredacted PII, and the producing party shall not withhold the information from the Court's in camera review on the basis of the redaction(s).

11. Restrictions on Use of Artificial Intelligence ("AI") to process Confidential or Highly Confidential Information: Absent notice to and written permission from the producing party, any person or entity authorized to have access to Confidential Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow unauthorized persons access to Confidential Information of Highly Confidential Information, in whole or in part, including metadata, or (2) permit any Confidential Information of Highly Confidential Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

14. Notwithstanding any other provision of this Order, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

119–20 (2d Cir. 2006), and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party at least fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with Judge Castel's Individual Rules, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. If any party receives a subpoena or demand in another action or other compulsory process commanding production of information and/or documentation designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only that was obtained under the terms of this Order, counsel for such party shall, if there are ten (10) or fewer days to comply, within three (3) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the designating party in writing, and shall not produce the information designated as Confidential or Highly Confidential – Outside Counsel's Eyes Only until the designating party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena, demand or compulsory process prior to the due date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in

the subpoena, demand, or other compulsory process.

Dated: New York, New York
October 16, 2026

DUNNEGAN & SCILEPPI LLC

By s/William Dunnegan
William Dunnegan (WD9316)
wd@dunnegan.com
Richard Weiss (RW4039)
rw@dunnegan.com
Attorneys for Plaintiffs
Red Matter Holdings Inc. and
Grey Matter Holdings LLC
437 Madison Avenue, 24th Floor
New York, New York 10022
(212) 332-8300

/s/ Megan K. Bannigan
Megan K. Bannigan
(mkbannigan@debevoise.com)
Timothy Cuffman
(tcuffman@debevoise.com)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
Attorneys for Defendant Maesa LLC

SO ORDERED
[signature], USDJ
10-19-26

Case 1:26-cv-04629-PKC Document 23 Filed 10/16/26 Page 7 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

RED MATTER HOLDINGS INC., and GREY MATTER HOLDINGS LLC,

Plaintiffs,

v.

MAESA LLC,

Defendant.

---------------------------------x

26-cv-4629 (PKC)

**AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

______________________________

[Printed Name]

______________________________

[Attorney]